**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0565-17T3

MARY ELIZABETH BOYLAN
(n/k/a MANLEY),

    Plaintiff-Respondent,

v.

NICHOLAS PAUL BOYLAN,

    Defendant-Appellant.

_____

Argued November 8, 2018 – Decided December 13, 2018

Before Judges Koblitz, Ostrer and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-2164-08.

Jan A. Brody argued the cause for appellant (Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC, attorneys; Jan A. Brody, of counsel and on the brief).

Kelsey D. Mulholland argued the cause for respondent (Ruvolo Law Group, LLC, attorneys; Kelsey D. Mulholland, of counsel and on the brief).

PER CURIAM

In this post-divorce-judgment child support matter, the judge determined that defendant Nicholas Paul Boylan successfully proved a permanent change in circumstances, and, upon his motion for reconsideration, further decreased a portion of defendant's support obligation. Defendant nonetheless appeals from the July 12, 2017 order (1) finding that plaintiff met her burden of proving reasonable and necessary shelter expenses; (2) determining defendant's ability to pay applying the Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendices IX-A and B to R. 5:6A, www.gannlaw.com (2017); and (3) setting his 2015 child support arrears based on his 2016 income.

Defendant asks this court to completely eliminate the $8,000 per month shelter component of his $11,700 monthly child support obligation and credit his overpayment against his future monthly payments, because plaintiff did not meet her burden of proof. He seeks a remand for a redetermination of his child support obligation based upon his 2017 income and a determination of defendant's 2015 child support arrears based on his 2015 income.

After a plenary hearing, Assignment Judge Bonnie J. Mizdol's comprehensive written decisions in both her initial and reconsideration opinions demonstrate her fact finding was based on credible evidence, and her child support determination was supported by the record and consistent with

precedent. We affirm substantially for the reasons expressed in Judge Mizdol's thorough thirty-one page opinion of July 12 and nineteen-page opinion of September 22, 2017.

The parties were married in 1992 and had six children. Defendant is an insurance broker with an average annual pretax business income from 2006 through 2008 of $850,000. Plaintiff is not employed outside the home.

In April 2009, the parties divorced after entering into a matrimonial settlement agreement (MSA). Under the MSA, defendant's yearly obligations were $300,000 in alimony and $100,000 in child support. Regarding modification of child support:

> The parties agree that there shall be no modification of child support based on a change in [defendant]'s income so long as [defendant]'s Net Business Income remains in the range of $850,000.00 to $925,000.00. The parties further agree that there shall be a rebuttable presumption that business expenses for [defendant]'s business shall equate to thirty percent (30%) of gross receipts. However, the parties do not agree as to whether or not [plaintiff] shall be entitled to a modification of child support . . . if [defendant]'s Net Business Income is less than $850,000 . . . .

Upon emancipation of each child, child support was to be reduced by an amount agreed to by the parties, or if necessary, determined by the court.

A-0565-17T3

In 2010, plaintiff remarried and moved to a home in Far Hills, New Jersey with her current husband and six children. She also has a son from her current marriage who is approximately four years old. The parties' two unemancipated children who are currently attending college have bedrooms in the Far Hills home, and return to the home during school recesses, holidays, and summers. The parties' emancipated son graduated college and started law school in 2017. Their emancipated daughter graduated college and works for an accounting firm in New York City.

In June 2010, the parties signed a consent order modifying certain provisions of the MSA. Alimony was terminated. Defendant's child support obligation was increased to $200,000 annually or $16,666 per month, which was to continue without reduction until all six children were emancipated.

In November 2011, the health insurance component of defendant's business, which had generated $500,000 in gross revenue annually, was sold, and defendant received $700,000. Defendant remarried in 2012 and has a young son with his new wife.

Plaintiff filed a motion to enforce child support and defendant filed a cross-motion to modify his child support obligations. On October 11, 2013, the judge issued an order granting plaintiff's motion to establish arrears as of August

4

7, 2013 at $183,160 and reserving for consideration after a plenary hearing defendant's cross-motion to (1) modify child support; (2) afford him a credit against arrears for college expenses he incurred; and (3) compel plaintiff to reimburse him fifty percent of the medical bills he paid.

In December 2013, the parties resolved the pending issues. The 2013 consent order temporarily decreased child support to $8,000 per month, from August 1, 2013, until December 31, 2014. It provided that "[c]ommencing on January 1, 2015, child support of $16,666.66 per month shall be reinstated, plus arrears of $2,500 per month (if applicable)."

One year later, defendant filed a motion again seeking modification of his child support obligations. Plaintiff filed a cross-motion to enforce the parties' 2013 consent order.

Approximately two years of litigation ensued before a hearing commenced in May 2017. After a five-day trial, the judge issued a written decision on July 12, 2017, finding that "[d]efendant has successfully proved a permanent change in circumstances based upon a combination of reduced revenues and an expense ratio well in excess of the [thirty percent] rebuttable presumption contained in the parties' MSA warranting a reduction of his direct child support obligation . . . ." Nonetheless, the judge noted that "[s]ince 2014,

[d]efendant's gross revenues have trended upward. This court's analysis of necessity must include years 2015, 2016 and information available in 2017." Judge Mizdol found that defendant had not reduced his own lifestyle expenditures in spite of his reduction in income.

Judge Mizdol considered the statutory factors, noting that the factors are not exhaustive, and that the analysis is guided by flexibility and the best interests of the children under Strahan v. Strahan, 402 N.J. Super. 298, 306 (App. Div. 2008).

Disregarding the two emancipated children for purposes of reasonable and necessary expenses, and distinguishing between the two unemancipated children living at college and the two living at the Far Hills home, the judge found that plaintiff had credibly established that the children's monthly shelter expenses were $8,000; transportation expenses were $813.75; and personal expenses were $3,975.56.

The judge issued an order establishing defendant's child support obligation as $12,700 per month. Defendant's arrears were fixed at $112,116.67 after retroactively applying the new support obligation to the motion filing date of December 31, 2014. Plaintiff was also awarded counsel fees in the amount of $35,000.

6

Defendant filed a motion for reconsideration in which he objected to the child support amount determined by the court. On September 22, 2017, the court issued a comprehensive written decision reducing the unemancipated children's personal monthly expenses to $2,863.64, and accordingly decreasing defendant's child support obligation to $11,700 per month, to be paid in bi-monthly payments of $5,850. The judge based her findings on defendant's 2016 pretax business income, stating:

> While [d]efendant may be dissatisfied with the court's scrutiny and its weighted reliance on 2016 income, Appendix IX-B of the Child Support Guidelines provides that if income information is only available prior to June 30 of the current year, the court should rely on Federal and State income tax returns, W-2's, 1099's from the preceding year. Both parties and plaintiff's expert stipulated to defendant's 2016 1099 gross business revenue of $1,421,649.

Regarding her calculation of shelter expenses, the judge reiterated that her analysis took into consideration the marital lifestyle as well as the fact that two children were emancipated, noting that "[p]laintiff endured grueling cross-examination of each line item. She described shelter expenses for [her], her husband, and all seven children . . . . She echoed her direct testimony that this sum was comparable to the parties' Franklin Lakes shelter expenses of $16,000.00 per month . . . ." Defendant's child support arrears were modified to

A-0565-17T3

$90,524.47. The reconsideration opinion otherwise affirmed and expanded upon the judge's reasoning in her initial opinion.

"Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Cesare v. Cesare, 154 N.J. 394, 413 (1998). This court's review of the trial court's discretionary determination regarding support obligations "is limited to whether the court made findings inconsistent with the evidence or unsupported by the record, or erred as a matter of law." Reese v. Weis, 430 N.J. Super. 552, 572 (App. Div. 2013) (quoting Cesare, 154 N.J. at 411); see also Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004) ("Credibility findings are given substantial weight and deference.").

Plaintiff testified about the expenses associated with the Far Hills home as set forth in her case information statement. Defendant did not question whether plaintiff actually made the payments she described, but rather he questioned whether they were reasonable. Judge Mizdol, as noted in her initial and reconsideration opinions, found plaintiff's testimony credible, and the shelter expenses reasonably in line with the marital lifestyle of the parties while living in the Franklin Lakes home. The shelter expenses were not rebutted by defendant, and the judge did not rely on plaintiff's testimony that she paid a

8

monthly sum to her current husband for the support of her children with defendant.

Defendant argues on appeal that the judge improperly considered his 2016 income because it represents an "aberration" compared to the four years preceding, as well as compared to his estimated income for 2017, which was based on the first five months of that year. Defendant's pretax business income steadily increased since 2012. The judge noted that defendant's "increasingly high business expenses to gross revenue margins are vexing and in accordance with case law are to be viewed with suspicion," citing Larbig v. Larbig, 384 N.J. Super. 17, 23 (App. Div. 2006) and Donnelly v. Donnelly, 405 N.J. Super. 117, 128-29 (App. Div. 2009).

For the first time on appeal, defendant argues that the judge incorrectly calculated the portion of his arrears attributable to 2015 by applying defendant's current child support obligation when defendant's pretax business income in 2015 was less than it was in 2016. Defendant asks this court to remand the matter to the trial court for a determination of defendant's 2015 child support arrears based on his 2015 income. He is not entitled to an annual adjustment of child support. Also, defendant did not raise this argument explicitly in his

A-0565-17T3

motion for reconsideration.  See Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

Judge Mizdol made credibility findings after hearing testimony. She reasonably applied the case law and Rules to the facts, as she found them from the evidence presented, and issued detailed opinions explaining her conclusions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION